# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| QUIANDRA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:17-cv-01039-JHE |
| CITY OF BIRMINGHAM, ALABAMA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION[1]

On January 23, 2019, Defendants City of Birmingham, Alabama, and Officer Ivey Nicole Jackson (the "City Defendants") renewed their motion to dismiss this case with prejudice for want of prosecution. (Doc. 56). Although he had not joined in the original motion, Defendant Torrey Gibbs ("Gibbs") has joined in these Defendants' renewed motion. (Doc. 57). The undersigned provided a February 7, 2019 deadline for Plaintiff Quiandra Johnson ("Johnson") to respond. (Doc. 58). However, Johnson did not comply with that deadline, instead filing a response twelve days after it had passed. (Doc. 60). Gibbs has filed a reply in support of the City Defendants' motion. (Docs. 61). For the reasons stated below, the City Defendants' motion to dismiss, (doc. 56), is due to be **GRANTED**.

## I. Background

At the outset of this case, Johnson was represented by counsel. On May 2, 2018, her counsel moved to withdraw. (Doc. 41). Counsel attached a letter from Johnson dated the same day stating Johnson was terminating the attorney-client relationship and requesting the return of

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 30).

her file. (Doc. 41-1). Counsel represented to the court that she had provided a copy of her motion to withdraw to Johnson and informed her of her right to object within fourteen days. (Doc. 41 at 2). Johnson did not object, and the undersigned granted the motion to withdraw on May 21, 2018. (Doc. 42).

Subsequently, Johnson refused in large part to participate in this case. On October 1, 2018, the City and Officer Jackson moved to compel discovery responses from Johnson and from Officer Gibbs, which at that point were more than fifty days late. (Doc. 45). The undersigned set an opposition deadline, (doc. 46), but neither party responded. The undersigned granted the motion to compel on October 18, 2018, ordering discovery responses by November 1, 2018. (Doc. 47).

On November 2, 2018, the City Defendants moved to dismiss the complaint for lack of prosecution. (Doc. 49). According to the City Defendants, Johnson had not complied with the order and had refused to produce responses, sit for her deposition, or participate in the lawsuit at all without an attorney. (*Id.* at 1-3). The City Defendants claimed that Johnson has communicated her refusal to sit for her deposition in multiple phone calls and her refusal to participate in the case in one phone call. (*Id.* at 2-3).

The undersigned held a hearing on the motion to dismiss on November 28, 2018. Although the order setting the hearing noted in bold, underlined text that "**<u>Plaintiff is required to attend the hearing</u>**," (doc. 52), and one of the undersigned's law clerks had called Plaintiff to inform her of the date and time of the hearing and that she was required to attend, Plaintiff did not appear at that hearing. The undersigned's staff called Plaintiff to determine whether she planned to attend, ultimately placing her on speakerphone in open court. Because Plaintiff stated she intended to pursue the case and was looking for new counsel, the undersigned reset the hearing on the motion

to dismiss, providing "**one final opportunity** to address the motion to dismiss for failure to prosecute." (Doc. 53) (emphasis in original).

On December 18, 2018, the undersigned held the reset hearing. Johnson appeared at this hearing in person, stating she had not found counsel but intended to keep looking. The undersigned informed Johnson that regardless of whether she had found counsel, she was responsible for prosecuting this case, including through providing discovery responses to Defendants and sitting for her deposition, and Johnson acknowledged that obligation. The undersigned entered an order the same day stating the following:

> Under Fed. R. Civ. P. 41(b), the court may dismiss a case when "the plaintiff fails to prosecute or comply with these rules or a court order." Dismissal with prejudice, as the moving defendants request, "is an extreme sanction that may be properly imposed *only* when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005) (emphasis in original, citation omitted). Although Johnson's refusal to cooperate in discovery and failure to attend the previous hearing might support a clear pattern of delay, the undersigned does not believe that the conduct Johnson has demonstrated is sufficiently egregious to merit dismissal with prejudice. Therefore, the Moving Defendants' motion, (doc. 49), is **DENIED**. **However, Plaintiff is warned that her past conduct will be considered if she fails to abide by her discovery obligations and the issue is before the court again.**

(Doc. 54 at 2) (emphasis added).

On January 23, 2019, the City Defendants filed the instant motion. (Doc. 56). The City Defendants allege that on December 28, 2018, they re-noticed Johnson's deposition for January 23, 2019. (*Id.* at 2; doc. 56-2). However, Johnson spoke with counsel for the City Defendants on January 22, 2019 — the day before her deposition was scheduled — and informed them that she would not attend the deposition because she had a mandatory class on the date of the deposition. (*Id.* at 2-3). The City Defendants state the call "ended abruptly," and Johnson did not appear at

3

her scheduled deposition. (*Id.*). The undersigned set a February 7, 2019 deadline for Johnson to respond to the motion to dismiss. (Doc. 58).

On January 25, 2019, Johnson filed a one-page motion — dated January 18, 2019, but postmarked January 23, 2019 — asking the court to reschedule the deposition. (Doc. 59). The motion indicated the scheduled date "is critical for [Johnson's] attendance in class." (*Id.*). Johnson did not otherwise respond to the motion to dismiss by the deadline set out in the order.

On February 19, 2019, Johnson filed her opposition to the motion to dismiss. (Doc. 60). Johnson begins her response by defending the adequacy of her complaint under the Federal Rules of Civil Procedure, which is not at issue here. (*Id.* at 1). She continues by disputing that the phone call with the City Defendants' counsel ended abruptly, but she does not dispute that she refused to sit for her scheduled deposition. (*Id.* at 1-2). Finally, Johnson notes that she submitted discovery responses as ordered, which she says shows she is "abiding by the procedures that are in my control." (*Id.*).

## II. Analysis

As stated above, the court may dismiss a case when "the plaintiff fails to prosecute or comply with these rules or a court order." FED. R. CIV. P. 41(b). Dismissal with prejudice is "an extreme sanction that may be properly imposed *only* when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies*, 432 F.3d at 1338 (emphasis in original). Findings supporting both prongs are essential. *Mingo v. Sugar Cane Growers Co-op. of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989). Dismissal with prejudice is "more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1338 (citation omitted).

4

## A. Johnson Has Engaged in a Clear Record of Delay and Willful Conduct

As set out above, Johnson's conduct has delayed this case and indicates sanctionable willfulness.[2] Johnson's actions have required the court to enter an order compelling her responses to discovery, schedule a hearing when Johnson did not comply with that order, and reschedule the hearing when Johnson did not comply with the requirement that she attend the hearing in person. Notwithstanding Johnson's acknowledgement that she understood she would have to sit for her deposition — and the warning in the previous order denying the City Defendants' motion to dismiss that her past conduct would be considered in the event her failure to prosecute this case was brought again to the court's attention — she has failed to do so.[3]

The undersigned has also warned Johnson that she would have to request relief from the court if she and Defendants could not agree on discovery matters. However, instead of prospectively requesting the court intervene to reschedule her deposition — on a date she knew about almost a month in advance — Johnson submitted her request to the court two days after the deposition was scheduled, in effect asking the court to retroactively excuse her voluntary refusal to attend.[4] Johnson's awareness of the scheduling conflict from at least January 18, 2019 (the date handwritten on the motion) coupled with her failure to seek relief beforehand is exactly the type of behavior the court has warned her about. The undersigned also notes this pattern has carried

---

[2] As is obvious from the fact she is pro se in this action, the conduct identified below is directly attributable to Johnson, rather than to counsel representing her. *See Betty K Agencies*, 432 F.3d at 1338.

[3] The undersigned notes this was the latest of multiple attempts to reschedule Johnson's deposition, which was originally set for July 31, 2018. (*See* docs. 56-1 & 56-2).

[4] Johnson's motion to reschedule her deposition was filed when it was received by the clerk of court (January 25, 2019), not when it was postmarked (January 23, 2019). *See* FED. R. CIV. P. 5(d)(2) ("A paper not filed electronically is filed by delivering it . . . to the clerk."). In any event, there was no plausible way for the court to address the issue even if Johnson had made her request on the postmarked date.

through to Johnson's response in opposition to the motion to dismiss, which was submitted almost two weeks after the deadline for her response with no explanation for or attempt to justify the delay.

The record arguably missing the last time Johnson's failure to prosecute was before the court is unquestionably present this time. Further, none of the actions described above imply the type of "mere negligence or confusion" that would prohibit a finding of willfulness, *see Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). *See also Calloway v. Perdue Farms, Inc.*, 313 F. App'x 246, 249 (11th Cir. 2009) (finding non-compliance willful and not merely mistaken or negligent when pro se plaintiff "repeatedly failed to submit discovery, respond to [the defendant's] motion, or comply with the court's show cause orders"). Accordingly, the undersigned finds Johnson has engaged in "a clear record of delay or willful conduct."

### B. Lesser Sanctions Will Not Suffice

The undersigned also specifically finds no sanction short of dismissal with prejudice would be effective to carry this case to its conclusion. Johnson has repeatedly disregarded the undersigned's orders, notwithstanding she has been warned that she is required to comply with them and with her discovery obligations.[5] "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *See also Nurse v. Sheraton Atlanta Hotel*, 618 F. App'x 987, 990 (11th Cir. 2015) (affirming dismissal with prejudice where pro se litigant violated clear court instructions). The undersigned also specifically notes

---

[5] Although Johnson raises the fact she has provided discovery responses to the City Defendants as ordered, her partial compliance did nothing to relieve the court of having to further intervene in discovery and delay the resolution of this case.

that Johnson's failure to prosecute had already been the subject of a previous motion to dismiss, which the undersigned denied on the basis that Johnson's conduct had not yet risen to the requisite level of culpability, and that Johnson continued to exhibit the same behavior even knowing that doing so would potentially endanger her case. The undersigned has considered whether lesser sanctions — including monetary sanctions — would be appropriate, but Johnson's refusal to obey court orders suggests she is not likely to comply with any sanctions the undersigned could order, either. Accordingly, the undersigned finds any lesser sanction than dismissal with prejudice would be futile.

### III. Conclusion

Based on the undersigned's findings (1) Johnson has engaged in a clear pattern of delay and willful contempt and (2) lesser sanctions will not suffice, the City Defendants' motion, (doc. 56), and Gibbs' joinder in that motion, (doc. 57), are **GRANTED**, and this case is due to be **DISMISSED WITH PREJUDICE**. A separate order will be entered. Johnson's motion to reschedule her deposition, (doc. 59), is **DENIED AS MOOT**.

DONE this 4th day of March, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE